UNITED STATES, Appellee

v.

JESSE L. SPEIGHT, Private E–2, U. S. Army, Appellant

5 USCMA 668, 18 CMR 292

No. 6129

Decided April 15, 1955

LT COL Edward Duvall, U. S. Army, CAPT Albert C. Malone, Jr., U. S. Army, and 1ST LT Anthony R. De Santo, U. S. Army, for Appellant.

LT COL Thomas J. Newton, U. S. Army, and 1ST LT Benjamin C. Flannagan, U. S. Army, for Appellee.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

After arrest at a Japanese hotel, the accused was taken to the Camp Kobe Criminal Investigation office. There he was informed that he was suspected of using narcotics. Article 31 of the Uniform Code of Military Justice, 50 USC § 602, was read to him, and he was asked to furnish a sample of his urine. He refused. A Criminal Investigation Division agent told him, "If you will not submit willingly, I will take you to the medical dispensary where the medical officer will catheterize you and I will have a sample of your urine at that time."

The accused was then brought to the dispensary and a catheter was applied. The doctor in attendance testified that the accused told him that he was unable to provide a sample of his urine because of a urethral tenderness. The doctor also determined that the accused's bladder was not extended, as it generally is when filled with urine. He was "almost sure" that the accused was physically unable to pass urine. The accused stated that he complied with the medical officer's order to get on the table for the catheter procedure because he "figured . . . if I didn't . . . I would be disobeying an order of a superior officer." A medical corpsman present at the time testified that "the order had to be given more than once." The doctor personally made the catheter insertion. He admitted that "at one time it got very painful and he [the accused] rose up and I pushed him back and told him I wasn't going to hurt him." After about 15 to 20 minutes, the doctor left. The rest of the necessary procedure, which lasted in all "an hour—hour and a half," was supervised by an enlisted medical corpsman. A urine sample obtained by catheterization of an accused, over his protest, is inadmissible in evidence. United States v. Jones, 5 USCMA 537, 18 CMR 161. Substantial evidence of active protest is present in this case. Consequently, the urine sample should not have been admitted at the trial.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside. Since there appears to be no available substitute for the inadmissible evidence, the charges are ordered dismissed.

Judge BROSMAN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

A majority of the Court in United States v. Jones, 5 USCMA 537, 18 CMR 161, held that evidence obtained by catheterization was inadmissible if the accused merely informed military authorities he objected. For all practical purposes, that ended catheterization as a scientific method of crime detection and further dissents by me can serve no useful cause. In the light of that holding, this accused is entitled to have his conviction reversed.